UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR HARDING and DEBORAH HARDING,

    Plaintiffs,

v.                                                                      Case No: 6:24-cv-1177-JSS-EJK

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Defendant Federal Insurance Company (FIC) moves to dismiss Count II of Plaintiffs' complaint. (Motion, Dkt. 12.) Plaintiffs oppose the Motion. (Dkt. 13.) Upon consideration, the Motion is denied.

## BACKGROUND

On June 3, 2024, Plaintiffs filed a complaint against FIC in the Ninth Judicial Circuit in Orange County, Florida. (Complaint, Dkt 1-1.) Plaintiffs alleged that Defendant breached the parties' property insurance contract (Count I) and sought a declaration that Plaintiffs' losses related to Hurricane Ian are covered by the insurance contract (Count II). (*Id.* ¶¶ 10–17, 18–33.) On June 26, 2024, Defendant removed the lawsuit to this court based on diversity jurisdiction, (Dkt. 1), and subsequently moved to dismiss Count II of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), (Dkt. 12 at 1). Defendant argues Count II should be dismissed because (1) a

declaratory relief claim is not appropriate to resolve an insurance payment dispute, (*id.* at 3), (2) the claim is duplicative of the breach of contract claim, (*id.* at 3–4), (3) a declaratory judgment cannot be given based on a "hypothetical state of facts," (*id.* at 5), and (4) Plaintiffs have an alternative, adequate legal remedy (*id.*). Plaintiffs respond by arguing that duplicative claims of declaratory relief and breach of contract are permissible. (Dkt. 13 at 2–4.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Count II of Plaintiffs' Complaint requests declaratory relief under Florida's Declaratory Judgment Act, codified in Chapter 86, Florida Statutes. (Dkt. 1-1 ¶¶ 26–

29.) While "[a] district court sitting in diversity must apply federal procedural law and state substantive law," *CJS Invs., LLC v. Berke*, No. 6:18-cv-374-Orl-31DCI, 2018 WL 6589713, at *3 (M.D. Fla. Dec. 14, 2018) (citing *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)), "Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016). "Inasmuch as this is [a] diversity case, Florida's procedural rules are inapposite," *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09–cv–1711–Orl–31DAB, 2009 WL 4899402, at *2 (M.D. Fla. Dec. 11, 2009), and thus, the court will assess whether Plaintiffs have stated a viable claim under the federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201. *See CJS Invs.*, 2018 WL 6589713, at *3 (construing a claim for declaratory relief under Florida's Declaratory Relief Act in a diversity case as though it were brought "under the federal Declaratory Judgment Act . . . rather than Florida's"). This is, however, a formal rather than substantive distinction. *See Nirvana Condo. Ass'n v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008) ("As a practical matter, however, the elements required under the federal [and Florida] declaratory judgment acts are not materially different.").

Defendant provides "four legal principles" which, it claims, require the dismissal of Count II. (Dkt. 12 at 3–5.) The first is that "[d]eclaratory relief is not appropriate to resolve a claim regarding non-payment or underpayment of an insurance claim." (*Id.* at 3.) Defendant cites to *Roth v. GEICO General Insurance Co.*,

- 3 -

in which a court in the Southern District of Florida determined that "a claim for money damages for breach of contract, *not* a claim for declaratory relief, is appropriate . . . where an insured claims that his insurer has failed to fully compensate him for an insurance claim." No. 16-62942-CIV, 2017 WL 5640740, at *2 (S.D. Fla. Jan. 24, 2017) (citing *Tiller v. State Farm Mut. Auto. Ins. Co.*, 549 F. App'x 849, 855 (11th Cir. 2013) (per curiam)).[1] While courts in the Southern District routinely apply this reasoning, it is not binding on this court, and courts in the Middle District have generally reached the opposite conclusion. *See Rock Custom Homes, Inc. v. Am. Zurich Ins. Co.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *2 (M.D. Fla. Sept. 18, 2019) ("[T]here is a split of authority on this issue between the Middle and Southern Districts [of Florida.] Being in the Middle District, this Court applies the hometown precedent and [permits the pleading of both declaratory relief and breach of contract]." (internal citation omitted)). In *Landmark American Insurance Co. v. Hacienda Village*

---

[1] The court notes that the Eleventh Circuit in *Tiller* held that declaratory relief was unavailable in a case against an insurer when the plaintiff alleged that the insurer had "not fully compensated [the plaintiffs] and that it [had] misled [the plaintiffs]" because "all of these acts took place in the past, and could be redressed through legal remedies." 549 F. App'x at 855. However, this unpublished decision is not binding on this court. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). Moreover, the Eleventh Circuit's subsequent decision in *A&M Gerber Chiropractic LLC v. GEICO General Insurance Co.* implies that declaratory relief can be pursued in conjunction with a breach of contract claim. 925 F.3d 1205, 1216 (11th Cir. 2019) (reasoning that a plaintiff did not have standing to bring a declaratory relief claim without also alleging "a claim for money damages or substantial likelihood that [plaintiffs] will suffer a future injury"); *see also Joyner v. Nat'l Specialty Ins. Co.*, No. 23-80031-CIV, 2023 WL 9034130, at *3 (S.D. Fla. Feb. 13, 2023) (holding that this reasoning in *A&M Gerber* "implicitly acknowledges the potential for a breach of contract claim for money damages to be brought in conjunction with a claim for declaratory relief"). Given both that *Tiller* is not binding and the Eleventh Circuit's later decision in *A&M Gerber*, the court agrees with the line of cases that hold that declaratory relief can be sought alongside monetary damages for a breach of contract.

*Homeowners Ass'n*, for example, a plaintiff brought a claim for declaratory relief against an insurance company, asking the court to "determine the rights, benefits, responsibilities and obligations of the parties" when the insurance company denied a claim for property damage caused by Hurricane Wilma. No. 2:07-cv-480-FtM-99DNF, 2008 WL 4371325, at *1 (M.D. Fla. Sept. 19, 2008). The defendant moved to compel appraisal to have an appraiser determine if the loss was covered by the insurance policy. *Id.* at *1–2. The court denied the motion, holding that the court could rule on the matter because "the issue of whether a claim is covered by an insurance policy is a judicial question." *Id.* at 2.

Here, Plaintiffs allege that FIC refuses to acknowledge that the insurance policy covers damages to their property caused by Hurricane Ian, (Dkt. 1-1 ¶ 8), and seek declaratory relief because they "are uncertain as to the existence or non-existence of [their] rights to coverage under the . . . policy," (*id.* ¶ 23). The court agrees with the reasoning in *Landmark* and finds that the determination of rights under an insurance policy is a judicial question that can be resolved by the court. *See Graves v. Great Lakes Ins. SE*, No. 2:23-cv-373-SPC-KCD, 2023 WL 8004429, at *1–2 (M.D. Fla. Nov. 17, 2023) (denying an insurance company's motion to dismiss a declaratory relief claim where the plaintiff sought a declaration of their rights under an insurance policy).

Next, Defendant argues that Count II should be dismissed because it is duplicative of Count I. (Dkt. 12 at 3–4.) In Count I, Plaintiffs seek damages. (Dkt. 1-1 at 3.) In Count II, Plaintiffs seek, among other things, that the court: (1) declare "that Plaintiffs are in compliance with the [insurance] policy," (2) require "full

disclosure of all documents . . . that may lead to admissible evidence," (3) "declare that any ambiguities in the statute or policy be construed in favor of insurance coverage," and (4) "determine and declare any other material matters pertaining to the respective rights and responsibilities under the policy." (*Id.* at 8–9.)  Given these differences, the court finds the two counts are not "wholly duplicative." *See Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634-FtM-99MRM, 2018 WL 6181348, at *2 (M.D. Fla. Nov. 27, 2018) (holding that despite overlap, a count for breach of contract that sought damages was not entirely duplicative of a count that sought a declaration of the parties' rights under an insurance policy).

Moreover, courts in the Middle District almost universally decline to dismiss claims on grounds of duplicity.[2]  The decision to entertain a claim for declaratory

---

[2] *See Askew v. Am. Home Assurance Co.*, No. 8:11-cv-2589-T-23TBM, 2012 WL 13106303, at *1 (M.D. Fla. May 9, 2012) (Merryday, J.) ("[T]he duplication of the two claims is permitted by [the federal Declaratory Judgment Act], which allows a declaratory judgment 'whether or not further relief is or could be sought' and by Rule 57, Federal Rules of Civil Procedure, which provides that '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.'" (third alteration in original)); *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) (Byron, J.) ("However, motions to dismiss made under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."); *Rock Custom Homes*, 2019 WL 4477819, at *2–3 (Chappell, J.) (denying a motion to dismiss a claim that plaintiff alleged to be duplicative); *Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-cv-425-Orl-22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020) (Conway, J.) ("[R]edundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim."); *New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022) (Bucklew, J.) (denying motion to dismiss an alleged duplicative claim and noting, "if Plaintiff's breach of contract claim and Defendant's affirmative defenses are truly redundant, then Plaintiff would suffer no prejudice in allowing Defendant's amended counterclaim to proceed alongside Plaintiff's breach of contract claim"); *Gonzalez v. TZ Ins. Sols., LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 103524, at *3 (M.D. Fla. Jan. 10, 2014) (Covington, J.) ("However, at this stage of the pleadings, [the plaintiff] is free to assert duplicative and alternative claims against TZ Insurance."); *Scottsdale Ins. Co.*, 2021 WL 8825348, at *2 (Berger, J.) (denying a motion to dismiss a declaratory relief claim for duplicity); *Gall v. First Liberty Ins. Corp.*, No. 6:21-cv-79-RBD-LRH, 2021 WL 4771692, at *1 (M.D. Fla. Feb. 25, 2021) (Dalton, J.) ("Defendant does not argue Plaintiffs have no relief under the Declaratory Judgment Act, but rather their claim is duplicative.  So dismissal under Rule 12(b)(6) is not warranted." (internal

judgment is discretionary. *Nationwide Gen. Contracting, LLC v. Scottsdale Ins. Co.*, No. 6:20-cv-1860-WWB-LRH, 2021 WL 8825348, at *1 (M.D. Fla. May 26, 2021) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). This discretion is "unique and substantial." *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017) (quoting *Wilton*, 515 U.S. at 286). Using its discretion, this court agrees with the cases holding that declaratory relief should not be dismissed for duplicity at the motion to dismiss stage. *See, e.g.*, *Graves*, 2023 WL 8004429, at *2 ("Defendant argues the [c]ourt should dismiss Count II (Declaratory Relief) because it is duplicative of Count I [breach of insurance contract]. Not quite. The [c]ourt has consistently rejected this argument for three reasons. First, a court's decision whether to hear a declaratory judgment claim is discretionary. Second, a motion to dismiss tests the plausibility of a claim not its redundancy. And third, the federal Declaratory Judgment Act and Rule 57 allow a party to seek a declaratory judgment even if there is another adequate remedy." (collecting cases)). Moreover, the court notes that "allowing the declaratory judgment claim to proceed will place no additional discovery burdens on Defendant." *Scottsdale Ins. Co.*, 2021 WL 8825348, at *2. As such, even if Count I and Count II are wholly duplicative, this court declines to dismiss Count II. *Cf. Sartori v. Schrodt*, No.

---

citation omitted)); *Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1026 (M.D. Fla. 2019) (Mendoza, J.) ([Plaintiffs' declaratory relief claim] will not be dismissed simply because it is a "mash-up" of the other claims."). *But see Salazar v. Am. Sec. Ins. Co.*, No. 8:13-cv-02002-EAK, 2014 WL 978405, at *2 (M.D. Fla. Mar. 12, 2014) (Kovachevich, J.) ("Plaintiff's request for declaratory judgment is duplicative and is dismissed."); *Vill. Square Condo. of Orlando, Inc.*, 2009 WL 4899402, at *2 (Presnell, J.) ("In the absence, then, of any real and immediate controversy apart from what is already alleged in [the breach of contract count], Defendant's Motion to Dismiss [the declaratory relief claim] will be granted.").

3:18cv204-RV/CJK, 2018 WL 11209992, at *2 (N.D. Fla. May 22, 2018) ("In the absence of binding caselaw, it is enough to say that a 'complicated issue' which generates 'much debate' and a 'split of authority' necessarily states a plausible claim for motion to dismiss purposes.").

Third, Defendant states that dismissal is warranted because the "Complaint contains no facts that would support a real and substantial controversy regarding these curiosities." (Dkt. 12 at 5.) The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "'[C]ase of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). To successfully plead a claim for declaratory relief under the federal Declaratory Judgment Act, a plaintiff must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Further, the dispute at issue must "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). Here, the court finds that Plaintiffs have sufficiently stated a claim for declaratory relief. There is nothing hypothetical about the alleged controversy—Plaintiffs are seeking a declaration of

their rights under an insurance policy that is presently in place, (Dkt. 1-1 ¶ 6), regarding damages that have already occurred, (*id.* ¶ 7), that Defendant has asserted are excluded from the policy, (*id.* ¶ 21.)  The court thus finds that Plaintiffs have stated a plausible claim for declaratory relief.  *See Rock Custom Homes*, 2019 WL 4477819, at *2 (finding that the plaintiff stated a plausible claim for declaratory relief when there was "a fight over whether [the insurer] must provide coverage for substantial damages to [the insured]'s property").

Defendant's final argument is that the declaratory relief claim warrants dismissal because "declaratory relief generally is not available when a party has an available remedy at law." (Dkt. 12 at 5.)  The court joins others in the Middle District that routinely reject this argument.  *See, e.g.*, *Graves*, 2023 WL 8004429, at *2 ("[T]he federal Declaratory Judgment Act and Rule 57 allow a party to seek a declaratory judgment even if there is another adequate remedy.").  Under Federal Rule of Civil Procedure 57, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."  Accordingly, it would be premature at the motion to dismiss stage to dismiss Count II even if there is another available remedy at law.  *See Absolute Activist Value Master Fund Ltd. v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2016 WL 1572388, at *5 (M.D. Fla. Apr. 19, 2016) ("The preclusion of equitable relief if there exists an adequate remedy at law does not preclude alternative pleading."); *Gilfus v. McNally Cap., LLC*, No. 8:18-cv-2941-T-36CPT, 2019 WL 12323497, at *7 (M.D. Fla. Sept. 9, 2019) ("Under Federal Rule of Civil Procedure 8(d), a party may set forth inconsistent or alternative claims in a single

complaint."); *see also Botting v. Goldstein*, No. 15-cv-62113-BLOOM/Valle, 2015 WL 10324134, at *3 (S.D. Fla. Dec. 21, 2015) ("[I]t is the existence of a legal remedy that bars an equitable cause of action. Therefore, until or unless an adequate remedy at law is proved, dismissal of Plaintiffs' claim is premature." (internal quotation marks and citation omitted)).

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Dkt. 12) is **DENIED.**

**ORDERED** in Orlando, Florida, on November 7, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record